AUGUSTUS W. CLARK, and another, appellants *vs.* MAINE SHORE LINE RAILROAD COMPANY.

Hancock.    Opinion April 15, 1889.

*Appeal.    Land damages.    Railroad.    R. S., c. 51, §§ 22, 23.*

Where the language of a statute is clear and plain, the court has no authority, in consideration of the consequences resulting from it, to give it a construction different from its natural and obvious meaning.

R. S., c. 51, § 23 provides that an appeal from the assessment of damages by county commissioners where land has been taken for railroads, must be "to the next term of the supreme judicial court to be held in the county where the land is situated, more than thirty days from the day when the report of the commissioners is made," etc.

*Held,* that such appeal was not seasonably taken, although it was taken at the next term of court after service upon the appellants, of the notice issued by the clerk of the commissioners, as provided in § 22.

ON EXCEPTIONS, by appellants, upon facts agreed.

Said railroad company, July 7th, A. D. 1886, filed and entered in the county commissioners' court of Hancock county, at the July term thereof, their petition for assessment of damages in the premises.    Proper proceedings were had before said commissioners, the appellants being present, and said commissioners, on the 27th day of January, A. D. 1887, at their regular January term, 1887, made their report of their estimate of damages received by said appellants.    And it was admitted that the record shows said report as recorded on that date.

The notice to appellants provided by statute, stating said award, was not served on either of said appellants, until January 9th, A. D. 1888.    At the April term A. D. 1888, of this court, in

Hancock county, the appellants filed their complaint of appeal, duly served, being aggrieved by the award of said commissioners. The respondents thereupon duly filed their motion to dismiss, which was sustained by the court.

Plaintiffs offered to show that the record of said award was not extended on the records as it purports, on the 27th of January, A. D. 1887, but not until subsequent to the October term of the supreme judicial court, Hancock county, A. D. 1887, and prior to January 9th, A. D. 1888. This is to be considered by the court, if admissible in evidence; otherwise not.

The question was whether, on the whole, the appeal was seasonably taken.

*G. P. Dutton*, for plaintiffs.

The appeal was seasonably taken. The statute, as it now stands, without reference to older statutes, must be construed to mean that appeals are to be taken to the first term of the supreme judicial court, after notice to the parties provided in § 22, and not before. Statutes are to be construed according to the intention of the makers, although such construction may seem contrary to the ordinary meaning of the letter of the statute. *Staniels* v. *Raymond*, 4 Cush. 314, 316; and cases there cited; *Hughes* v. *Farrar*, 45 Maine, 72; *Winslow* v. *Kimball*, 25 Id. 493.

Notice required by § 22 is mandatory. Commissioners' report not complete until communicated to parties; nor until return of officer, showing notice to parties, has been made into their court. *Veazie* v. *China*, 50 Maine, 518; *Low* v. *Dunham*, 61 Id. 566. Otherwise, no effect is given this section, and what meaning is there in § 23 which limits time of appeal to thirty days prior to a term of court, when only fourteen days' notice is required between party and party?

Effect is to be given to all parts of a statute; reasonable interpretation to obscure parts; intention so construed as not to curtail existing rights. *Wales* v. *Stetson*, 2 Mass. 143, 146; *Staniels* v. *Raymond, supra; Cleaveland* v. *Norton*, 6 Cush. 380, 384; *Pearce* v. *Atwood*, 13 Mass. 324, 343.

But it often happens, as in the present case, that the meaning of an obscure statute is made plain by previous legislation on the

subject. "And the true intent and construction of statutes which have been revised and condensed may often be best ascertained by an examination of the original enactment." BARROWS, J., in *French* v. *Co. Com.*, 64 Maine, 583, 585. In the law of 1871 (R. S., 1871, c. 51, § 8) either party dissatisfied with the damages estimated by the commissioners had the same right to apply for an increase or decrease of damage as in case of highways. In said § 8th the provision for notice by the clerk to the parties at issue, is the same as in the present statutes. Section 8 of the statute of 1871 then provides that when no petition for increase or decrease is filed within thirty days after service of notice, the proceedings are closed. In the laws of 1873, c. 95, the procedure for increase of damage is changed from application to the commissioners to appeal by petition to the supreme court direct. In said c. 95, which has been incorporated into the statutes as they now stand, there is no repealing clause.

It is plain that the only object of the legislature in the passage of c. 95, 1873, was to render the process of the final settlement of railroad damage less cumbersome by one step, viz: by appeal direct to the supreme court and jury trial rather than back again to the county commissioners who should choose a jury, who should report to the supreme court, and that this was their sole and only object.

It is plain that the legislature did not intend to keep parties at issue, dancing attendance upon the county commissioners, by taking away the benefit of the notice and substituting a pitfall in its place. And it is plain in accordance with all the well known rules for the interpretation of statutes, that in regard to the question of notice, the statutes of 1871 in terms is to control; and that the right of appeal exists to parties at issue before the county commissioners, until after they have been duly notified, according to the statute.

*Hale and Hamlin*, for defendants.

There is nothing ambiguous or uncertain, in the language of the statute, when the appeal is to be made. It prescribes the next term of the supreme judicial court, etc., held, etc., after the day

when the report of the commissioners is made. Appellants were, admittedly, present.

Rule of construction of statute: *Coffin* v. *Rich*, 45 Maine, 507 ; *Currier* v. *Phillips*, 12 Pick. 226. Change in the statute, regulating the appeal, was intended by the legislature, in order that adjudication of damage, in court of last resort, might be had as nearly as possible to the time of taking. Clerk required to make notice at time of the report. No fault of appellees if not done until afterwards.

Statute, as to notice, either a direction or a mandate. If directory only, right of appeal is lost. A mere direction or instruction of no obligatory force, involving no invalidating consequence (Maxw. Stat. 330) can not be construed as an integral part of a statute. If mandatory, then right of appeal gone.

FOSTER, J. This is an appeal from assessment of damages by the county commissioners for land taken for the location of the road of the Maine Shore Line Railroad Company.

The only question is whether the appeal was seasonably taken in accordance with R. S., c. 51, § 23.

July 7, 1886, the defendant corporation petitioned the county commissioners to assess damages for taking the appellants' land. After due proceedings had, their report was made and recorded on the 27th day of January, 1887, being their regular January session, of their estimate of damages received by the appellants.

The notice to these appellants provided by § 22, stating the amount of damages awarded, was not served on either of the appellants until January 9, 1888.

At the April term of this court, 1888, being the next term after the service of notice upon them, the appellants filed this appeal. Thereupon the respondents filed a motion to dismiss the appeal on the ground that it was not seasonably taken, which was sustained by the court.

It is admitted by the learned counsel for the appellants that if a literal and technical interpretation is to be given to the statute, then the appeal was not seasonably taken, for by the language of § 23 the appeal must be, "to the next term of the supreme judicial

court to be held in the county where the land is situated, more than thirty days from the day when the report of the commissioners is made," etc. .

It is true that the appeal was taken at the next term of this court after service upon the appellants of the notice issued by the clerk of the commissioners as provided in § 22. By that section, the "commissioners shall make a report of their general estimate of damages, stating therein specifically, the rights and obligations of each party, at a regular session, and cause it to be recorded; their clerk shall then make out a notice to each person, stating the amount of damages awarded to him, which shall be served by an officer on those resident in the state," etc.

On the part of the appellants it is maintained that this language is not directory merely, but mandatory, and that in the construction of § 23 it is necessary to enlarge the time in which an appeal may be taken so as to give an appellant the next term of court after service of notice, instead of the next term after "the report of the commissioners is made," in which to enter an appeal.

But we are not inclined to construe the statute contrary to its plain and manifest intent. The provision relating to appeals in cases of this kind was enacted in 1873, c. 95, authorizing such appeals to be made directly to the supreme judicial court instead of remitting the parties to their remedy "as in case of highways." This statute was incorporated into the R. S., c. 51, § 23. This court in *Knight* v. *Aroostook Railroad*, 67 Maine, 291, 292, in an opinion by DANFORTH, J., held that, "the proceedings under the latter statute are entirely different in all respects from those under the former, and are complete in themselves, covering the whole subject matter." This is true. The only provision to be found relating to appeals is contained in this latter statute. Its language is plain and unambiguous. The time when the appeal is to be made, if at all, is at "the next term of the supreme judicial court to be held in the county where the land is situated, more than thirty days from the day when the report of the commissioners is made," etc.

If the language of a statute be clear and plain, courts have no authority, in consideration of the consequences resulting from it,

to give it a construction different from its natural and obvious meaning. *Coffin* v. *Rich*, 45 Maine, 507.

Whether the clerk was remiss in his duty in not having notice served upon the appellants, for nearly a year after the report of the commissioners had been made and recorded, is not a question for our determination in this case.

Formerly, by R. S., 1871, c. 51, § 8, proceedings were not closed till thirty days after service of notice of the amount of damages awarded to a party, and no petition could be entertained for an increase of damages filed after the proceedings were closed. But by the enactment of the statute of 1873, c. 95, the former statute was so far changed, in relation to proceedings for an increase of damages, that we must look to the latter statute as being the most recent expression of the legislative will, and the one that, "must be deemed a substitute for previous enactments, and the only one which is to be regarded as having the force of law." *Commonwealth* v. *Kelliher*, 12 Allen, 480.

The proposition of introducing evidence to contradict the record of the commissioners, and to show that the record of the award was not extended at the time it purports, is not insisted on. The records must be held to be correct as they stand,—if not they must first be corrected under proper proceedings, instead of being attacked collaterally.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, LIBBEY and HASKELL, JJ., concurred.

EMERY, J., did not sit.